**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| "UNO DOE" and "DOS DOE," | |
| **Plaintiffs,** | |
| **v.** | Civil Action No. 26-1002 |
| THE ISLAMIC REPUBLIC OF IRAN, *et al.*, | |
| **Defendants.** | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Uno Doe and Dos Doe are naturalized citizens and residents of the United States. See ECF No. 1 (Compl.), ¶¶ 6–7. They have allegedly been targeted by the Islamic Republic of Iran given the positions held by Uno Doe's family in the previous regime and Doe's continued political opposition to Iran. Id., ¶¶ 29–50. Plaintiffs bring this action against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps (IRGC), the Ministry of Intelligence and Security of the Islamic Republic of Iran (MOIS), and agents and operatives of both groups, alleging that Defendants have directed a "multi-decade campaign of surveillance, harassment, intimidation, and physical violence against Plaintiffs." Id., ¶¶ 8–13, 37. Together, they bring six causes of action under the Foreign Sovereign Immunities Act, the Anti-Terrorism Act, and Torture Victim Protection Act, seeking compensatory and punitive damages. Id., ¶¶ 54–82. Fearful that disclosure of their identities would subject them to retaliatory harm, Plaintiffs moved to proceed pseudonymously. See ECF No. 2 (Mot.) at 1–2. The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and

determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I.      Legal Standard

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;

> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

> [3] the ages of the persons whose privacy interests are sought to be protected;

> [4] whether the action is against a governmental or private party; and, relatedly,

> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.    Analysis

At this initial stage, Plaintiffs have met their burden to show that their privacy and safety interests outweigh the public's presumptive and substantial interest in learning their identities.

First, Plaintiffs do not seek to proceed pseudonymously "merely to avoid the annoyance and criticism that may attend any litigation," but rather to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). Relevant here, privacy can include "maintaining their and their family members' safety." Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023); see also R.A. v. Islamic Republic of Iran, No. 23-2606, ECF No. 4 (Mem. Op. & Order) at 3 (D.D.C. Sept. 12, 2023) ("In the Complaint, they describe the severe violence and threats that they have already faced at the hands of proxy militia organizations and that they could experience after filing this lawsuit if their identities were made public . . . . In light of this prior violence, Plaintiffs seek to avoid much graver harms than mere annoyance and criticism.").

In the Complaint, Plaintiffs describe the violence and harassment they have faced, dating back to as early as 1984, and the risk of violence they could continue to face if their identities were disclosed to the public. See Compl., ¶¶ 27–28, 36–50. They allege several instances of abuse and harassment by individuals Plaintiffs believe acted "on behalf of the Iranian regime." Id., ¶¶ 36, 38–50. Plaintiffs' concern of further harm is thus not just from Defendants, but also from these third parties who "are already in the United States and who need Plaintiffs' names and current address to find them." See Mot. at 6. The pleadings thus demonstrate — at this initial stage — that Plaintiffs' interest is in preserving privacy to protect their and their family members safety from third-party proxies.

3

For similar reasons, the second factor concerning the "risk of retaliatory physical or mental harm" to Plaintiffs and to "innocent non-parties" weighs in favor of granting the Motion. In re Sealed Case, 971 F.3d at 326 (citation omitted).  Plaintiffs have alleged specific instances of threats and physical abuse, most recently in 2026.  See Compl., ¶¶ 37–46.  For example, in 2024, Uno Doe was approached by men he believes to be agents of Iran who "explicitly referenc[ed] examples of persons who had been injured or killed for opposing the regime," and then assaulted him "while reiterating warnings about the fate of those who oppose the regime."  Id., ¶ 44.  As for Dos Doe, she and her parents have received calls from individuals Plaintiffs also believe to be agents of Iran, who "ma[de] clear that the regime was monitoring the entire family."  Id., ¶¶ 48–49.  Plaintiffs explain that their concern is not only potential retaliatory harm at the direction of Defendants, but also from third parties acting on their own, seeking to carry out Defendants' aims.  See Mot. at 6 (arguing "public PACER filing provides [non-defendant third parties] operational intelligence for free").  Additionally, the innocent non-parties in this case are Plaintiffs' family members, many of whom have also faced threats from the Iranian regime.  Id., ¶¶ 19–26, 27–28, 48.  To be sure, Plaintiffs do not attach an affidavit supporting these claims, cf. Sponsor, 2023 WL 2598685, at *2 (referencing affidavits in support of motion), and "[d]iscovery may well render [their] concerns unsupported and unwarranted."  Doe v. Federal Republic of Germany, 2023 WL 4744154, at *5 (D.D.C. July 3, 2023).  At this early stage, however, the Court finds that Plaintiffs' allegations are sufficient to establish that revealing their names publicly in connection with this litigation poses a risk of harm from third-party proxies.

The third factor, in contrast, supports disclosure.  Nothing suggests that this case implicates the privacy of minors, and Plaintiffs concede as much.  See Mot. at 7; In re Sealed Case, 971 F.3d at 326.

4

The fourth factor supports the case for pseudonymity.  "[A]nonymous litigation is more acceptable when the defendant is a governmental body because government defendants do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing."  J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (cleaned up).  Plaintiffs have sued foreign governmental actors, not private litigants.  Furthermore, Plaintiffs filed this case "seek[ing] to vindicate their rights[,] . . . and anonymity appears to be necessary to provide them the opportunity to do so."  Asylum Seekers Trying to Assure Their Safety v. Johnson, 2023 WL 417910, at *4 (D.D.C. Jan. 26, 2023).  Finally, "there is nothing about the nature of these proceedings that creates any need for transparency with respect to the plaintiffs' identities or address[]."  Chang v. Republic of S. Sudan, 548 F. Supp. 3d 34, 38 (D.D.C. 2021).  The fourth factor thus weighs in Plaintiffs' favor.

The fifth and final factor — whether allowing Plaintiffs to proceed pseudonymously would pose a "risk of unfairness" — also cuts in their favor.  In re Sealed Case, 971 F.3d at 326 n.1.  While Defendants have yet to appear, Plaintiffs have offered to "provide their true identities to opposing counsel if, and when, Defendants appear in this action."  Mot. at 9 (emphasis in original).  Defendants thus do not face a risk of unfairness.  Defendants remain free to request any further information they deem necessary to the full defense of this case or to ask the Court to reconsider this decision.

Finally, the Court highlights that this is an initial decision to permit Plaintiffs to proceed pseudonymously.  If Defendants appear to defend this suit, the balance of factors might tip the other way.  See John Doe I, John Doe II, & John Doe III v. Sabeti, 2025 WL 4348642, at *1 (M.D. Fla. Aug. 12, 2025) (reconsidering initial grant to proceed pseudonymously in Torture Victim Protection Act case upon defendant appearance).  In any event, Plaintiffs have made an

initial showing that their concerns extend beyond Defendants' learning their identities to the risk that third parties could obtain this information and act on Defendants' behalf to harm them. The Court will thus grant Plaintiffs' Motion, subject to reconsideration by the District Judge to whom this case is randomly assigned.

In sum, although the third factor supports disclosure, the remaining factors weigh in favor of granting Plaintiffs' Motion to proceed pseudonymously.

The Court ORDERS that:

1. Plaintiffs' [2] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file on the public docket a pseudonymous version of their [2] Motion.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: April 30, 2026